UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0230(21) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| ALONSO RASCON-OLIVAS, | |
| Defendant. | |

Alonso Rascon-Olivas, pro se.

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Defendant Alonso Rascon-Olivas previously pleaded guilty to conspiracy to distribute marijuana.  On August 12, 2011, the Court sentenced Rascon to 68 months' imprisonment and entered judgment the next day.

This matter is before the Court on Rascon's pro se motion requesting that the Court modify his sentence.  Specifically, Rascon argues that the Court should have imposed a shorter sentence in light of the sentences imposed on similarly situated defendants in districts that have "fast-track" programs.  For the reasons that follow, Rascon's motion is denied.

Rascon cites no authority that would give the Court the power to modify his sentence.  Rascon does not claim that his sentence was imposed in violation of the Constitution or federal law, as would be necessary to invoke 28 U.S.C. § 2255, or that his sentence is the result of "clerical error," as would be necessary to invoke Fed. R. Crim. P. 36.  The Director of the Bureau of Prisons has not made a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), nor has the government brought a motion pursuant to Fed. R. Crim. P. 35(b).  Finally, Rascon does not contend that, in

the short time since he was sentenced, the applicable sentencing range has been lowered pursuant to 28 U.S.C. § 994(o), as would be necessary to invoke 18 U.S.C. § 3582(c)(2).  It appears, then, that the Court is without power to grant Rascon's motion.

Even if the Court had such power, the Court would nonetheless deny Rascon's motion on the merits.  The fact that some defendants in other districts may have received lower sentences does not mean that Rascon was unfairly sentenced.  Fast-track sentencing is not a one-way street.  To be eligible for a fast-track sentence, a defendant generally must waive certain pre-trial and post-trial rights, including the right to collaterally attack his conviction under 28 U.S.C. § 2255.  Rascon has not waived all of those rights, and thus he is seeking the benefits of fast-track sentencing without the corresponding burdens.  Giving Rascon a fast-track sentence would create an unwarranted disparity between his sentence and the sentences of defendants who did have to waive their rights in order to receive fast-track treatment.[1]

The Court has already considered all the relevant facts and law and has determined, for the reasons stated on the record at the sentencing hearing, that Rascon's sentence of 68 months' imprisonment is sufficient, and not greater than necessary, to serve the purposes set forth in 18 U.S.C. § 3553(a)(2).  Rascon's motion is therefore denied.

---

[1] The Court acknowledges that, effective March 1, 2012, the United States Attorney's Office for the District of Minnesota will be implementing a fast-track program.  That, however, does not help Rascon.  The new fast-track program is not retroactive, and, in any event, appears to be limited to illegal-reentry offenses.  Rascon pleaded guilty to a drug crime.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Alonso Rascon-Olivas's motion to request modification of sentence [Docket No. 776] is DENIED.

Dated: February 28, 2012 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge